O'BRIEN, P. J., McLAUGHLIN, CLARKE and HOUGHTON, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs. Order filed.

---

In the Matter of the Appraisal, under the Act in Relation to Taxable Transfers of Property, of the Property of DAVID WOLFE BISHOP, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; FLORENCE V. C. PARSONS and Others, as Executors, etc., of DAVID WOLFE BISHOP, Deceased, Respondents.

First Department, March 9, 1906.

**Transfer tax — surrogate has power to order reference to determine question of residence of decedent.**

When, in a proceeding to appraise the estate of a decedent for the purpose of levying a transfer tax, the question as to whether the decedent was a resident of this State is at issue, the surrogate has power, under section 2546 of the Code of Civil Procedure, to refer the question to a referee to take testimony and report with an opinion, and to direct that the appraiser await the coming in of such report.

The surrogate is not bound to decide such question of residence on the evidence taken before the appraiser.

APPEAL by The Comptroller of the State of New York from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 26th day of June, 1905, refusing to confirm the finding of the appraiser that the testator at the time of his death was a resident of the State of New York, and further ordering that the question whether the said testator at the time of his death was a resident of the State of New York be referred to a referee to take testimony in respect thereto and to report the same with his opinion thereon to said Surrogate's Court, and that the

motion to remit the matter to the appraiser to enable him to appraise all of the assets of the decedent await the coming in of the referee's report.

*James J. McEvilly*, for the appellant.

*Herbert Parsons*, for the respondents.

INGRAHAM, J.:

This proceeding was instituted by the executors of the estate of David Wolfe Bishop, asking that the property of the testator subject to tax be appraised, and upon that petition the surrogate designated one of the appraisers " to fix the fair market value at the time of the transfer of the property which was of the above named decedent, and which is subject to the payment of any tax." The parties appeared before the appraiser, their testimony was taken, and evidence was offered by the Comptroller which it is claimed tended to show that the testator at the time of his death was a resident of the State of New York. The Comptroller attempted to obtain from the executors an account of the testator's property not situated in this State. This the executors refused to supply, whereupon the appraiser reported to the court that the testator was a resident of the State of New York; that he had appraised the estate of the testator, so far as disclosed to him, subject to taxation, and specified the property and its value. He further reported that the testator died seized of other estate, both real and personal, but that the executors had declined to furnish the appraiser with a statement of the same or to give testimony, as to the character thereof, and that for that reason he was unable to make any report in respect thereto. He further reported that the deceased died on the 1st day of May, 1900; that he left a last will and testament, a copy of which was annexed to the report, which was admitted to probate in the Surrogate's Court of New York county on the 12th day of June, 1900. Upon this report coming on before the Surrogate's Court for hearing, the surrogate denied the motion to confirm the finding of the appraiser that the testator was at the time of his death a resident of the State of New York, and ordered that the question of such residence be referred to a referee, who was directed to take the testimony in respect thereto, and to report the same, with his opinion

thereon, to the court, and that the motion to remit the matter to the appraiser to enable him to appraise all the assets of the decedent await the determination of the surrogate upon the coming in of the report of the referee. The surrogate then fixed the value of the property within the State of New York and the tax payable thereon, and from this order the Comptroller appeals. He insists that the surrogate was bound to determine the question of the residence of the testator upon the testimony before the appraiser, and that he had no power to refer that question to a referee. I think it is quite clear from the evidence presented by the Comptroller that the surrogate was justified in refusing to confirm the report so far as it held that the testator was a resident of the State of New York.

The only other question presented is whether the surrogate had power to appoint a referee to take and report the evidence upon this question of fact which he had to determine, or was bound to determine it on the evidence before the appraiser. Section 2546 of the Code of Civil Procedure provides that "In a special proceeding, other than one instituted for probate or revocation of probate of a will, the surrogate may, in his discretion, appoint a referee to take and report to the surrogate the evidence upon the facts, or upon a specific question of fact * * *. Such a referee has the same power and is entitled to the same compensation as a referee appointed by the 'Supreme Court, for the trial of an issue of fact in an action, and the provisions of this act, applicable to a reference by the Supreme Court, apply to a reference, made as prescribed in this section, so far as they can be applied in substance without regard to the form of proceeding."

The appraiser had reported to the surrogate the property of the testator in this State which was subject to taxation. Counsel for the Comptroller had moved that the matter be sent back to the appraiser to ascertain and report the property not in this State, but which would be subject to taxation if the testator was a resident of this State. The determination of this application depended upon the fact of the testator's residence at the time of his death. A question of fact was, therefore, presented to the surrogate for decision, and under the section of the Code to which attention has been called, I think the surrogate had the authority to appoint a referee to take

evidence upon that question of fact, upon the determination of which the motion of the Comptroller depends.

I think the order appealed from should be affirmed, with ten dollars costs and disbursements.

O'BRIEN, P. J., McLAUGHLIN, CLARKE and HOUGHTON, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements. Order filed.